IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RHYS NAKAKURA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF HONOLULU, *et al.*,<br><br>　　　　Defendants. | Case No. 19-cv-00320-DKW-KJM<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, AND (2) ALLOWING PARTIAL LEAVE TO AMEND** |

　　　　Defendants City and County of Honolulu (City), Courtney Pahia-Lewis, Janghoon Cho, and Tracy Tamondong[1] move for dismissal of the state and federal claims in the First Amended Complaint (FAC) on various grounds.   In his opposition, Plaintiff Rhys Nakakura concedes that some of his claims should be dismissed, which the Court does so herein.   As for the claims that are in dispute, while the Court agrees (in most respects) with Defendants' arguments, because some of the pleading deficiencies may be correctable, the Court provides Plaintiff with limited leave to amend, as set forth below.

---

[1]Pahia-Lewis, Cho, and Tamondong are, collectively, the Honolulu Police Officer Defendants, and, with the City, are the Moving Defendants.

## **RELEVANT FACTUAL BACKGROUND**

Nakakura alleges the following facts in the FAC. On June 23, 2017, he was in the area of Fort DeRussy, Waikiki, while, at the same time, Pahia-Lewis, Cho, Tamondong, and Honolulu Police Officer Defendant Nathan Wharton were also in the area addressing peddling violations.[2]  FAC at ¶¶ 13-14. At some point, Tamondong saw Nakakura standing next to a table with "LED lit objects" on it. *Id*. at ¶ 15. As Cho, dressed in plain clothes, approached Nakakura to investigate if a peddling violation was taking place, Cho observed a crowd of people around Nakakura and "light up helicopters" on the table. *Id*. at ¶¶ 16-18, 24. Nakakura told Cho that the helicopters were $10 for three or $20 for nine. *Id*. at 20. Cho "allegedly" gave Nakakura a "pre-recorded" $20 note, which Nakakura placed in his shirt pocket, and Nakakura handed Cho three helicopters and a $10 note. *Id*. at ¶¶ 21-22. Cho informed Pahia-Lewis and Tamondong about the transaction, and Pahia-Lewis approached Nakakura, identified himself, and told Nakakura why he was being detained. *Id*. at ¶¶ 23-24. Pahia-Lewis asked Nakakura to produce identification, and Nakakura produced an identification card for the "Polynesian Kingdom of Atooi." *Id*. at ¶ 25. Tamondong then told Nakakura that he was being arrested. *Id*. at ¶ 26. As Nakakura was turning to address Tamondong,

---

[2]Although Wharton is a named defendant, unlike the other defendants, he does not appear to have been served yet in this case. *See* Dkt. Nos. 7-10 (proofs of service).

Tamondong and Pahia-Lewis grabbed him by his shoulders and forced him to the ground, pushing his face into the sand. *Id.* at ¶ 27. Cho assisted by placing Nakakura into a headlock and pushing him into the ground, while Wharton grabbed Nakakura's legs. *Id.* at ¶¶ 28-29. At no time did Nakakura resist. *Id.* at ¶ 41. As a result of the force used, Nakakura sustained injury to his right shoulder, vomited, and coughed up sand. *Id.* at ¶ 30. The Honolulu Police Officer Defendants and Wharton took Nakakura to a hospital, and a doctor evaluated him, determining that Nakakura had "pain to the right shoulder, vomiting, and foreign body in mouth." *Id.* at ¶¶ 31, 40. After being discharged from the hospital, Nakakura was taken to a police station for processing. *Id.* at ¶ 32. At the time he was booked, Nakakura did not have in his possession the "prerecorded" $20 note, and Cho did not enter into evidence the $10 note that Nakakura "allegedly" gave him. *Id.* at ¶¶ 34, 38.

## PROCEDURAL BACKGROUND

Nakakura initiated this case with the filing of a Complaint on June 21, 2019. Dkt. No. 1. The City was served with the Complaint on August 14, 2019. Dkt. No. 9. On November 14, 2019, Nakakura filed the FAC, asserting six claims for relief: (1) violation of his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments (Claim One); (2) conspiracy to violate his rights under the

3

First, Fourth, Fifth, Sixth, and Fourteenth Amendments (Claim Two); (3) assault and battery (Claim Three); (4) negligence (Claim Four); (5) negligent or intentional infliction of emotional distress (Claim Five); and (6) false imprisonment (Claim Six).

On December 26, 2019, the Moving Defendants filed the instant motion to dismiss. Dkt. No. 23. Nakakura has filed an opposition to the motion to dismiss, Dkt. No. 29, and the Moving Defendants have filed a reply, Dkt. No. 31. This Order now follows.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2). *Id*. at 679.

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires." Fed.R.Civ.P. 15(a)(2). Justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## DISCUSSION

The Court addresses each of the reasons for dismissal raised in the motion to dismiss in turn.

First, the Moving Defendants argue that the state law claims asserted against the City and the Honolulu Police Officer Defendants should be dismissed because

Nakakura failed to comply with the two-year notice-of-claim requirement in Hawai'i Revised Statutes Section 46-72. The Court agrees in part. As for the City, Nakakura concedes that the City did not receive notice within two years of the claims asserted in this case, and thus, he "does not object to dismissal of the tort claims as to [the City]." Dkt. No. 29-2 at 8. As a result, the Court dismisses without leave to amend any state law claim asserted against the City in this case. The result is somewhat different, however, with respect to the Honolulu Police Officer Defendants. Here, based upon the words used in the FAC, it appears that the Honolulu Police Officer Defendants are being sued in their *official* capacities. *See* FAC at ¶¶ 9-11 (alleging that the relevant officer acted in his or her "course and scope of…employment"). To the extent that is true, then the state law claims against the Honolulu Police Officer Defendants would also be barred by Section 46-72–something which Nakakura does not contest. *See* Dkt. No. 29-2 at 10. However, as the undersigned has explained in another case, Section 46-72 does not apply to claims asserted against officers in their *individual* capacity. *Hall v. Cty. of Maui*, 2018 WL 6112957, at *5 (D. Haw. Nov. 21, 2018).[3] In his opposition, Nakakura appears to wish to amend his state law claims against the Honolulu

---

[3]The Moving Defendants' argument as to why the undersigned should not follow the decision in *Hall*, *see* Dkt. No. 31 at 3-4, is unpersuasive in light of the Court's discussion of the relevant statutory language in *Hall*.

Police Officer Defendants such that they are premised upon their individual capacity. *See* Dkt. No. 29-2 at 10. To the extent that is true, the Court will allow Nakakura leave to do so.[4]

Second, the Moving Defendants argue that the federal claims against the City should be dismissed because the City cannot be held vicariously liable for the actions of its officers, and the FAC fails to allege a plausible claim for municipal liability. The Court agrees, but provides leave to amend as set forth below. As for vicarious liability, Nakakura rightly concedes that the City cannot be so liable here. Dkt. No. 29-2 at 11. As for municipal liability, the FAC fails to allege any non-conclusory allegations indicating that a constitutional violation has resulted from an official policy or custom of the City. *See Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1216 (9th Cir. 1996). In fact, the few allegations relevant in this regard are the epitome of conclusory, given that Nakakura does not even attempt to identify a specific policy or custom or allege how the same caused an officer to violate a constitutional right. *See* FAC at ¶¶ 47-48; *Monell v. Dep't of Soc. Services of the City of New York*, 436 U.S. 658, 690-691 (1978); *City of Canton v, Harris*, 489 U.S. 378, 388, 391 (1989).

---

[4]In the motion to dismiss, the Moving Defendants also argue that the *federal* claims asserted against the City are barred by Section 46-72. Dkt. No. 23-1 at 9-10. In their reply, though, the Moving Defendants acknowledge that this argument conflicts with Ninth Circuit precedent. Dkt. No. 31 at 3. Therefore, the Court does not further address the same.

Nonetheless, because, arguably, this deficiency is correctable, the Court will allow leave to amend the allegations pertaining to the City's purported municipal liability, urging Nakakura to first consider the law with respect to properly alleging a *Monell* claim and whether the facts here support such a claim.

Third, the Moving Defendants argue that Nakakura's Fourteenth Amendment claim should be dismissed because a substantive due process claim must be brought under the Fourth Amendment. In his opposition, Nakakura does not contend otherwise. Instead, he requests leave to amend his Fourteenth Amendment claim "to expand on his theory as to why the equal protection clause" is applicable. Dkt. No. 29-2 at 12. In this light, to the extent the Fourteenth Amendment claim was at one point premised upon substantive due process, the same is dismissed without leave to amend. As for equal protection, the parties dispute whether Nakakura can allege such a claim. Nakakura argues that he intends to assert a "class of one" claim, which both parties acknowledge requires a plaintiff to allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); Dkt. No. 29-2 at 14-15; Dkt. No. 31 at 5. While the allegations in the FAC may not be amenable to a claim of that ilk, the Court will provide leave for Nakakura to attempt to allege

such an equal protection claim under the Fourteenth Amendment if the facts support one.

Fourth, the Moving Defendants argue that the Fifth Amendment is inapplicable here, and thus, Nakakura cannot state such a claim. In his opposition, Nakakura agrees. Dkt. No. 29-2 at 16. Therefore, Nakakura's claim under the Fifth Amendment is dismissed without leave to amend.

Fifth, the Moving Defendants argue that Nakakura has failed to allege a non-conclusory claim under the First Amendment. The Court agrees. Notably, nowhere in the FAC is there a *factual* allegation that Nakakura was at any point during the relevant events engaged in speech. Instead, he merely asserts, in conclusory fashion, that he was arrested while engaged in speech. FAC at ¶ 46(a). That is entirely insufficient, and Nakakura does not contend otherwise in his opposition, given that he again asks for leave to amend. Dkt. No. 29-2 at 17. On this occasion, Nakakura asserts that he would amend his claim to allege that he was "promoting and educating the public about the 'Polynesian Kingdom of Atooi/Hawaiian Kingdom' and was offering helicopters as a means of acquiring donations." *Id*. He goes on to argue that a Hawai'i statute prohibiting peddling "does not offer an exception to a valid time place or manner to allow for the expression of the idea of the 'Polynesian Kingdom of Atooi/Hawaiian Kingdom'

Case 1:19-cv-00320-DKW-KJM   Document 37   Filed 04/23/20   Page 10 of 12   PageID #: 206

which Plaintiff was promoting." *Id.* at 18. None of this is alleged in the FAC. Specifically, nowhere therein is a challenge to the constitutionality of the peddling statute made, which would appear to require a very different type of claim than the one actually made in the FAC.[5] Nonetheless, because Nakakura may be able to allege, at least, a claim against the Honolulu Police Officer Defendants in this regard, the Court will allow leave to amend for him to try to do so.

Finally, the Moving Defendants argue that the Sixth Amendment is not applicable here, and thus, Nakakura's claim in this regard should be dismissed. As with his Fifth Amendment claim, Nakakura agrees. Dkt. No. 29-2 at 19. Therefore, the Court dismisses Nakakura's claim under the Sixth Amendment without leave to amend.

---

[5] As such, it is hard to discern precisely what Nakakura hopes to allege in this regard: that the *peddling statute* violates his First Amendment right to speech, *see Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 940 (9th Cir. 2011) (explaining that content-neutral regulations of speech that limit "the time, place, and manner of expression" must be narrowly tailored to serve a significant government interest and leave open ample alternative channels of communication) (internal quotation omitted), or that the *Honolulu Police Officer Defendants* violated his First Amendment rights, *see Sloman v. Tadlock*, 21 F.3d 1462, 1469 (9th Cir. 1994) (explaining that an officer can be liable under Section 1983 for violating First Amendment rights if the officer's actions "deterred or chilled…[protected] speech and such deterrence was a substantial or motivating factor in [the officer's] conduct…"). If it is the former, Nakakura would appear to be out of luck. *One World One Family Now v. City & Cty. of Honolulu*, 76 F.3d 1009, 1012-16 (9th Cir. 1996) (upholding Honolulu's peddling statute as constitutional under the First Amendment). If it is the latter, additional factual allegations are certainly necessary and whether Nakakura can make them within the constraints of Rule 4 remains to be seen.

# SUMMARY

The Court summarizes the foregoing as follows:

## State Law Claims

1) All state law claims against the City are dismissed without leave to amend;

2) To the extent state law claims are asserted against the Honolulu Police Officer Defendants in their official capacity, those claims are dismissed without leave to amend; and

3) Nakakura is granted leave to amend his state law claims to the extent he wishes to bring those claims against the Honolulu Police Officer Defendants in their individual capacity.

## Federal Claims

1) Nakakura is granted leave to amend his *Monell* claim against the City, if any;

2) To the extent a substantive due process claim under the Fourteenth Amendment is asserted, it is dismissed without leave to amend;

3) Nakakura is granted leave to amend an equal protection claim under the Fourteenth Amendment, if any;

4)     Nakakura's claim under the Fifth Amendment is dismissed without leave to amend;

5)     Nakakura is granted leave to amend a First Amendment claim, if any; and

6)     Nakakura's claim under the Sixth Amendment is dismissed without leave to amend.[6]

## CONCLUSION

For the reasons set forth herein, the motion to dismiss, Dkt. No. 6, is GRANTED IN PART and DENIED IN PART.  Nakakura is granted leave to amend to the extent set forth herein.  **Nakakura may have until May 22, 2020 to file a second amended complaint.**

IT IS SO ORDERED.

Dated: April 23, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Rhys Nakakura v. City & County of Honolulu, et al*; Civil No. 19-00320 DKW-KJM; **ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, AND (2) ALLOWING PARTIAL LEAVE TO AMEND**

---

[6]The Court notes that the motion to dismiss does not appear to seek dismissal of Nakakura's Section 1983 claim under the Fourth Amendment against the Honolulu Police Officer Defendants.